**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**DUSTIN WADE HINCKLE,**

      **Petitioner,**

**v.**                         **CRIMINAL ACTION NO.: 3:15-CR-27
CIVIL ACTION NO.: 3:18-CV-102
(GROH)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble.  Pursuant to the Local Rules, this action was referred to Magistrate Judge Trumble for submission of a R&R.  Magistrate Judge Trumble issued his R&R [ECF No. 149][1] on May 7, 2021.  Therein, Magistrate Judge Trumble recommends that the Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 111] be denied and dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order.  28.U.S.C..§ 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.

---

[1] All CM/ECF numbers cited refer to Petitioner's criminal case, 3:15-CR-27, unless otherwise stated.

1984).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v.

<u>Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was mailed to the Petitioner on May 7, 2021. ECF No. 149. The Petitioner accepted service on May 12, 2021. ECF No. 150. The Petitioner timely filed his objections on May 24, 2021. ECF No. 151. Accordingly, the Court will review the portions of the R&R to which the Petitioner objects *de novo*.

The Petitioner first takes issue with the Magistrate Judge's determination that defense counsel's performance at trial did not fall below the reasonable objective standard outlined in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Specifically, the Petitioner contends that counsel erred by not seeking independent forensic testing of the firearms Petitioner was accused of possessing. As the Magistrate Judge explained, this argument is without merit.

The firearms were returned to Trooper Smith the same day Petitioner stole Smith's police cruiser. Counsel was not appointed until six months after the incident – while the firearms remained in Trooper Smith's possession and use the entire time. If forensic testing determined that the Petitioner's fingerprints and DNA were not present, it could easily be explained by the passage of time and Trooper Smith's use, cleaning, and storage of his service weapons. In other words, forensic testing with the results Petitioner claims would exonerate him hardly would. On the other hand, if by chance some DNA or fingerprints happened to be on the weapons, it would have precluded defense counsel from making the argument that the investigators did not check for this evidence and

instead returned the weapons back to service the same day, which called their investigation and evidence into question.  Magistrate Judge Trumble's analysis and conclusion is well reasoned and supported by the record.

Petitioner's remaining objections are the sort of conclusory, unsupported and vague protests that leave the Court with little to review and do not warrant discussion.  To be clear, the Court has thoroughly and carefully reviewed all of the filings in this matter and finds that the R&R applies the appropriate legal standards and through Judge Trumble's sound analysis reached the correct conclusion.

Accordingly, upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 149 in 3:15-CR-27; ECF No. 8 in 3:18-CV-102] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein.  Therefore, the Petitioner's Motion to Vacate [ECF No. 111 in 3:15-CR-27; ECF No. 1 in 3:18-CV-102] is **DENIED** and **DISMISSED WITH PREJUDICE**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the Petitioner a Certificate of Appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This matter is **ORDERED STRICKEN** from the Court's active docket.  The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** July 30, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE